IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RAQUEL STITH,**

    **Plaintiff,**

v.                                             Civil Action No. 3:23cv676

**WESLEY TOWNSEND,** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

Raquel Stith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on Mr. Stith's Second Particularized Complaint, (ECF No. 19), for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and for Mr. Stith's compliance with the Court's April 3, 2024 Memorandum Order, (ECF No. 18).

### I. Procedural History

Mr. Stith filed his original Complaint against J.D. Fulk and Wesley Townsend. (ECF No. 1.)[2] However, Mr. Stith failed to name Defendant Fulk in the body of the complaint. (*See* ECF No. 1.) Mr. Stith's allegations against Defendant Townsend vaguely suggested that Defendant

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in quotations from Mr. Stith's submissions.

Townsend was "denying me my rights" by not allowing Mr. Stith to contact his lawyer. (ECF No. 1, at 4.) Mr. Stith suggested that Defendant Townsend's actions violated his "1st Amendment, 8th Amendment [and] 14th Amendment rights." (ECF No. 1, at 4.) Accordingly, by Memorandum Order entered on February 6, 2024, the Court explained as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:
>
> > **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> >
> > **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> Fed. R. Civ. P. 8(a). Plaintiff fails to provide a short and plain statement of his claim. Plaintiff's current terse allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
>
> Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:
>
> > a.   At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:23CV676."

2

  b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

  c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(ECF No. 12, at 1–3.) On February 15, 2024, the Court received Mr. Stith's Particularized Complaint. (ECF No. 13.) By Memorandum Order entered on March 19, 2024, the Court stated:

> The Court appreciates that Plaintiff attempted to comply with Rule 8 and its prior instructions; however, Plaintiff's current terse allegations still fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. Plaintiff's fact section is a mere three paragraphs and less than a page of an 8-inch by 5-inch notepad. Plaintiff repeats the vague statement "to include, but not limited to" to describe the facts behind his claims. (*Id.* at 1–2.) Plaintiff must state all facts that support his claim that defendants violated his constitutional rights.

(ECF No. 14, at 2.) The Court then directed Mr. Stith to file a second particularized complaint within thirty (30) days of the date of entry hereof and again provided Stith with specific instructions on how to file such a complaint. (ECF No. 14, at 2–3.) In addition to the instructions provided in the prior order, the Court added:

>   c. The particularized pleading will supplant the prior complaints. This means that the particularized complaint will REPLACE any other complaint and the Court will not consider any

3

> old complaint. The particularized pleading must stand or fall of its own accord so Plaintiff should include all facts and all legal claims that he wishes the Court to consider. Plaintiff may not reference statements in the prior complaints.

(ECF No. 14, at 3.)

Instead of filing a Second Particularized Complaint, Mr. Stith filed two letter requests for the appointment of counsel. (ECF Nos. 15, 16.) Mr. Stith indicated that he "followed the steps that were given to [him] as best as I could" and asks for an attorney to help him with his case. (*See* ECF No. 15, at 1.) By Memorandum Order entered on April 4, 2024, the Court repeated the instructions it had provided Mr. Stith in the February 6, 2024 and March 19, 2024 Memorandum Orders. (ECF No. 18, at 1–3.) The Court added:

> Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances, Plaintiff simply did not include a sufficient description of the supporting facts. Additionally, Plaintiff's pleadings demonstrate that he is competent to represent himself in the action. Accordingly, Plaintiff's requests for the appointment of counsel (ECF Nos. 15, 16) are DENIED WITHOUT PREJUDICE.
>
> Plaintiff must file a Second Particularized Complaint that complies with the directions given above within thirty (30) days of the date of entry hereof. In addition to what the Court explained above, the Court again explains that Plaintiff did not include in his Particularized Complaint enough facts to allow the Defendants to know why Plaintiff believes that they violated his constitutional rights.

(ECF No. 18, at 3–4.) Mr. Stith has filed his Second Particularized Complaint. (ECF No. 19.) As explained below, Mr. Stith's claims lack merit and will be DISMISSED.

## II. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The

4

first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Summary of Allegations and Claims

In his Second Particularized Complaint, Mr. Stith failed to follow the Court's instructions to identify the Defendants at the top of his particularized pleading. Instead, in the body of his Second Particularized Complaint, Mr. Stith mentions Captain Townsend and Lt. Fulk ("Defendants"), but it is unclear from Mr. Stith's submissions how these two Defendants violated Mr. Stith's constitutional rights. (*See* ECF No. 19, at 4.) Mr. Stith alleges, in sum:

    1.    Defendant violated Plaintiff's Fourteenth[3], Eighth[4], and Fifth Amendment[5] rights by Plaintiff counsel and to confer with counsel while Plaintiff

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

6

had ongoing criminal litigation in the State Courts which proves he was deprived of life, liberty, or property because of these violations of due process of law. Plaintiff was on segregation and used his resources to contact Captain Townsend to have access to the phone and the mail to contact his attorney which is a [c]onstitutional [r]ight. Complainant was let out [of] his cell every 3 days and was denied access to [a]ttorney calls and mail deliberately because the phones were cut off on purpose and other times his pin number was compromised so that it was inoperable. Therefore, this is a serious violation of Due Process of the Constitution of the United States violating the Plaintiff's Fourteenth, Eighth, and Fifth Amendment violations which is a very grave miscarriage of justice.

2. Plaintiff was denied access to U.S. mail and materials to contact his [a]ttorney by U.S. mail which is not only a violation of his rights, but also a criminal violation of the United States Postal Service[.]

3. Plaintiff asked Defendant and his advisory Captain Townsend and Shift Commander Lt. Fulk that he needed [a] grievance because of the above-mention[ed] violations occurring on the above events and violations. A grievance is a [c]onstitutional right[;] therefore, making this a grave violation of said Plaintiff's Due Process violation under the Fourteenth, Fifth, and Eighth Amendments.

So therefore Plaintiff prays this court gives him relief and punitive damages of $150,000 to satisfy this civil rights violation.

(ECF No. 19, at 1–6.)

## IV. Analysis

### A. No Personal Involvement Alleged

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly,

7

the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability is "personal, based upon each defendant's own constitutional violations").

Throughout the terse Second Particularized Complaint, Mr. Stith faults an unidentified "Defendant" for the alleged constitutional violations. Mr. Stith mentions Captain Townsend only to state that Mr. Stith "used his resources to contact Captain Townsend to have access to the phone and the mail to contact his attorney." (ECF No. 19, at 2–3.) Later, Mr. Stith states that he "asked Defendant and his advisory Captain Townsend and Shift Commander Lt. Fulk that he needed [a] grievance." (ECF No. 19, at 4–5.) Thus, Mr. Stith fails to identify the "Defendant," and that individual does not appear to be either of the named Defendants. Moreover, Mr. Stith does not allege that either Defendant Townsend or Fulk violated his constitutional rights through the actions alleged in the Second Particularized Complaint. At most, Mr. Stith contends that he asked Defendant Townsend to have access to the phone and mail, and then asked both Defendants Townsend and Fulk for a grievance. (*See* ECF No. 19, at 4–5.)

Here, Mr. Stith has failed to allege sufficient facts that suggest each named Defendant was personally involved in the violation of Mr. Stith's rights. That deficiency alone warrants the dismissal of his claim. But, as explained more fully below, even assuming that Defendants Townsend and Fulk were somehow involved in the alleged deprivation of his rights, Mr. Stith has failed to plausibly allege sufficient facts to support a constitutional claim.

### B. Mr. Stith Fails to State a Claim for Relief

As a preliminary matter, because Mr. Stith is a state inmate bringing claims against state actors, his due process claims are governed by the Fourteenth Amendment, not the Fifth

8

Amendment. *See Winfield v. Bass*, 106 F.3d 525, 530 n.2 (4th Cir. 1997). Mr. Stith also contends that Defendants' actions violate the Eighth Amendment, but he fails to allege facts that would plausibly suggest that Defendants subjected him to cruel and unusual punishment. Accordingly, any claim brought pursuant to the Fifth or Eighth Amendment will be DISMISSED.

Generously construed, the Court reads Mr. Stith to allege the following two claims:

Claim One: Defendant Townsend denied Mr. Stith access to the phone and mail to contact his attorney in violation of the Fourteenth Amendment right to due process.

Claim Two: Defendants denied Mr. Stith a grievance form in violation of due process.

### 1. Claim One

In Claim One, Mr. Stith contends that Defendant Townsend denied Mr. Stith access to the phone and mail to contact his attorney in violation of his right to due process. On further inspection of Mr. Stith's allegations, it is unclear whether Defendant Townsend was personally responsible for denying Mr. Stith the ability to contact his attorney. Mr. Stith contends that he was in segregation and "used his resources to contact Captain Townsend to have access to the phone and the mail to contact his attorney." (ECF No. 19, at 1–3.) Mr. Stith then states that he was only allowed out of his cell every three days, but that the phones were not working, or his pin number would not work because it had been compromised. (ECF No. 19, at 3.) Thus, Mr. Stith fails to allege facts that would plausibly suggest that Defendant Townsend was personally responsible for Mr. Stith's inability to call his attorney. Rather, it seems that technical difficulties, not any action or inaction of Defendant Townsend, were the cause of the denial of access to his attorney.

Mr. Stith also fails to explain how Defendant Townsend personally denied him the right to send mail to his attorney. At most Mr. Stith states that he was "denied . . . mail deliberately" without any reference to a particular named Defendant. (ECF No. 19, at 3.) Mr. Stith fails to allege facts that would plausibly suggests that Defendant Townsend denied him the ability to contact his attorney through the mail. Accordingly, Claim One lacks merit and will be DISMISSED for failure to state a claim.

### 2. Claim Two

In Claim Two, Mr. Stith contends that Defendants denied him a grievance form and a "grievance is a constitutional right." (ECF No. 19, at 5.) Contrary to Mr. Stith's contention, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process . . . ." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Doans v. Rice*, No. 87-7244, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."). Accordingly, Mr. Stith has no constitutional right to a grievance form, and Claim Two will be DISMISSED for failure to state a claim and as legally frivolous.

10

## V. Conclusion

Mr. Stith's claims will be DISMISSED for failure to state a claim and as legally frivolous. The Clerk will be DIRECTED to note the disposition for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 5/10/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge